UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-596-DRL-MGG

MILLER,

    Defendant.

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed a complaint alleging he was assaulted by guards and not protected from attack by inmates at the Westville Correctional Facility. ECF 30. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Ybarra alleges he asked Sgt. Miller for protection by giving him a written form on October 10, 2022. He alleges Sgt. Miller ignored the request and used excessive force to put him in a dorm where he was assaulted. These allegations are too vague. Though the complaint is eleven typed pages, it provides no additional details about either the excessive force or failure to protect claims.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). This complaint alleges the force was excessive, but it does not provide facts explaining what force was used, what he was doing when the force was applied, or what injuries he suffered as a result.

> It is well settled that the Eighth Amendment requires correctional officials to protect inmates from certain dangers posed by other inmates[, but] only deliberate indifference to an inmates wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety.
> Thus, a deliberate-indifference claim under the Eighth Amendment requires the following three elements: (1) there must be a risk of harm to the plaintiff that is so objectively serious as to be excessive (and that risk must in fact materialize); (2) the defendant must know of the risk (put differently, he must possess subjective awareness that the risk exists); and (3) the defendant's response to the risk must be so inadequate as to constitute disregard of (or deliberate indifference toward) the risk. In addition, a fourth element exists: (4) the plaintiff must prove that the defendant's deliberate indifference actually caused his injury.

*Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) (quotations, brackets, citations, and emphasis omitted). This complaint alleges Mr. Ybarra was not protected, but it does not provide facts explaining what he told Sgt. Miller, who attacked him, why they attacked him, or what injury he suffered. "[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mr. Ybarra also sues eight high ranking employees of the Indiana Department of Correction whom he alleges knew his dorm was a violent place. A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To prevail, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

> To establish deliberate indifference on the part of the defendants sued individually, [the plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [the plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

3

*Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). This complaint does not allege any of these high-ranking defendants had actual knowledge of an easily preventable impending harm to Mr. Ybarra. "Prisons are dangerous places." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *abrogated on other grounds by Haley*, 86 F.3d at 640 (7th Cir. 1996).

> Some level of brutality . . . is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

*Id*. at 348. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Therefore, the eight high ranking defendants will be dismissed.

This complaint does not state a claim for which relief can be granted. If Mr. Ybarra believes he can state a claim against Sgt. Miller based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available

from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES Robert Carter, Jr., James Basinger, Jon Adam Ferguson, John Galipeau, Kenneth Watts, Kenneth Gann, Cornett, and Joseph Farley;

(2) GRANTS Randy Russell Ybarra until **September 7, 2023**, to file an amended complaint; and

(3) CAUTIONS Randy Russell Ybarra if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 10, 2023  *s/ Damon R. Leichty*
Judge, United States District Court